*1196 OPINION.
Phillips:
The taxpayer contends (1) that the amount received from the settlement of his claim for the lottery winnings is not taxable, and (2) that a portion at least should be allocated to the year 1923, if the amounts are held to be taxable.
As to the first contention, we are of the opinion that said amounts are taxable. Appeal of James P. McKenna, 1 B. T. A. 326.
Respecting the second contention, it is clear that it was not until 1923 that a settlement was reached, and that the Commissioner is clearly in error in treating the bonds and stock as having been received in 1922.
During that year, however, $25,000 was paid in cash to counsel for the taxpayer and others concerned. This sum counsel deposited in his name in trust. Fie paid $11,000 to his clients, taxpayer receiving $4,000 thereof, and retained the balance to secure payment-of his fees and expenses. This ivas well within his legal rights, the counsel having the right to assert an attorney’s lien upon the proceeds. The question arises whether taxpayer is liable to report as income the $4,000 received by him from his counsel, or four-elevenths of the $25,000 received by counsel.
*1197 It is urged that receipt by an agent is receipt by the principal, and that taxpayer received four-elevenths of the amount paid over to his counsel. This rule, however, has its limitations. No one would contend that the agent, if sued, could invoke the rule for the purpose of saying that, as between the agent and his principal, payment to the agent discharged him from accounting to his principal. And the Government is in no better position, for it can tax only the amount which the taxpayer has received in fact, since he is on a cash basis.
The agent asserted his right to retain a portion of the proceeds. To this money both parties have a claim. It is perfectly clear that the taxpayer has not in fact received and has no right to receive the full amount paid to his counsel and that he never will receive such amount. It is not until settlement is made that he will know how much he is to receive. While as between the lodge and taxpayer, taxpayer had received $9,091, as between taxpayer and his counsel and also as between taxpayer and the Government he received only $4,000 in 1922, and is taxable on that amount.
Order of redetermination will be entered on 10 days' notice, wider Rule 50.